LOYD H. WILBUR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5636 and 10611. Decided November 23, 1926.

1. Husband and wife, domiciled in the State of California, may not file separate returns, each reporting one-half of the community income.

2. Depreciation on prune orchard and vineyard determined.

*Lawrence Schillig, Esq.,* for the petitioner.
*George E. Adams, Esq.,* for the respondent.

This proceeding is for the redetermination of deficiencies in income tax of $4,664.08, $2,925.43 and $2,254.68 for the calendar years 1920, 1921 and 1922, respectively. The questions presented are the right of husband and wife, domiciled in California, to file separate returns, each reporting one-half of the community income, and the amount of depreciation allowable on certain assets.

### FINDINGS OF FACT.

The petitioner is a citizen of the United States and a resident of Yuba City, Calif. During the years 1920, 1921 and 1922, he was a married man, his wife's name being Ethel E. Wilbur. All the property shown by the petitioner's income-tax return is community property of himself and wife, except an interest in a piece of rented land which returned about $32.50 a year.

The petitioner is a vineyardist and orchardist, having been engaged in such business about twenty-seven years. During that time he planted, bought and sold vineyards and orchards.

It cost about $400 an acre to bring a prune orchard into bearing. A French prune orchard will bear at the fifth year and the Robe Sergeant and Imperial orchards, at the sixth year. The petitioner's prune orchard had a bearing life of about 20 years.

The petitioner's vineyard consisted of Thompson seedless grapes. Prior to 1924 there was a series of dry years during which phylloxera flourished and destroyed the vines more than during wet periods. The average bearing life for such vineyard in the vicinity in which the petitioner's vineyard was located was seven years.

The Commissioner determined that the cost of bringing petitioner's prune orchard into bearing was $200 an acre and that such orchard had a bearing life of 33⅓ years. He therefore allowed depreciation thereon for 1921 of $6 per acre. He determined the cost of petitioner's vineyard to be $200 per acre and that it had a bearing life of 10 years, thus allowing depreciation for the years 1920 and

1921 of $20 per acre. At the hearing counsel for the Commissioner moved that the deficiency for 1922 be computed by allowing the same depreciation rates as those used by the Commissioner for 1920 and 1921.

OPINION.

MORRIS: The question of the right of husband and wife, domiciled in the State of California, to file separate returns, each reporting one-half of the community income, has already been decided adversely to the petitioner and the determination of the Commissioner in that respect is therefore approved. *Appeal of D. Cerruti*, 4 B. T. A. 682.

The petitioner alleges, for the years 1920 and 1921, that the Commissioner erred in allowing depreciation at the rate of 10 per cent, instead of 20 per cent, on a truck and raisin stemmer, but no evidence was introduced to sustain the allegation of error. The determination of the Commissioner on these two items is therefore approved.

The next question involves the amount of depreciation to which petitioner is entitled on his vineyard and prune orchard. We are satisfied from the evidence that the petitioner's vineyard had a life of 7 years and that depreciation should be computed for the years 1920, 1921, and 1922 on that basis on a cost of $200 per acre.

The evidence also convinces us that the cost to the petitioner of bringing his prune orchard into bearing was $400 per acre, instead of $200 as determined by the Commissioner, and that its bearing life is 20 years. A depreciation deduction of $20 per acre should therefore be allowed for the years 1921 and 1922.

*Judgment will be entered on 15 days' notice, under Rule 50.*